# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* BERNICE CHARLOTTE GRAY.

---

ROBERT WILLIAM PANN,

      Appellant,

v

MACOMB COUNTY PROSECUTOR,

      Appellee.

UNPUBLISHED
November 15, 2018

No. 341258
Macomb Probate Court
LC No. 1994-139496-PE

---

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Appellant appeals as of right the probate court's order denying his motion for relief from judgment. We affirm.

This case was originally filed in 1994 by the Macomb County prosecutor to establish the death of Bernice Gray. In 2002, defendant was convicted of her murder. See *People v Pann*, unpublished per curiam opinion of the Court of Appeals, issued September 13, 2007 (Docket No. 271013). On appeal, appellant challenges the probate court decision denying his motion for relief from judgment because he lacked standing in this matter, and thus could not seek relief under MCR 2.612(C)(1)(c). That motion was premised upon appellee failing to provide him with notice of the probate proceeding regarding the petition to establish the death of Gray. Appellant also argues that the probate court abused its discretion by denying his motion for reconsideration, and should have held an evidentiary hearing on whether fraud occurred in the 1994 proceeding.

Appellant first argues that the probate court erred by denying his motion for relief from judgment because he was entitled to notice of the probate hearing regarding the petition to establish Gray's death, and therefore, has standing in the matter and could seek relief under MCR 2.612(C)(1)(c). This Court reviews the legal question whether a party has standing de novo. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 621; 873 NW2d 783 (2015).

The purpose of standing is to ensure that a litigant has a sufficient interest in an issue so that there will be "sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010), quoting *Detroit Fire Fighters Ass'n v Detroit*, 449 Mich 629, 633; 537 NW2d 436 (1995) (quotation marks omitted). Whether standing exists depends on "whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Lansing Sch Ed Ass'n*, 487 Mich at 355 (quotation marks and citation omitted). Generally, "a litigant has standing whenever there is a legal cause of action." *Id*. at 372.

Appellant filed a motion for relief from judgment pursuant to MCR 2.612(C)(1)(c),[1] seeking to amend Gray's declaration of death to undetermined on grounds that appellee failed to provide him notice of the probate proceeding and because appellee committed fraud upon the court by failing to inform the court of other sightings of Gray. Appellee brought the petition to establish Gray's death pursuant to MCL 700.492a.[2]

We conclude that appellant did not have standing to file any pleadings in the matter because he had no legal right to be provided notice, and thus was not entitled to be a party in the case. Under MCL 700.492a, a county prosecutor "may file a petition in probate court asking that the court determine the cause and date of death of" an individual "[i]f an accident or disaster occurs and, as a result, it appears that an individual has died but his or her remains have disappeared or are unidentifiable." MCL 700.492a(1); MCL 700.492a(2). Once the probate court fixes a time and place for a hearing, "[t]he petitioner shall give or cause to be given notice of the hearing, as provided by the rules of the supreme court." MCL 700.492a(5). MCR 5.205(C)(20), the court rule governing which individuals should be given notice of a hearing for a petition to establish the cause and date of death, provides that "[t]he parties interested in a petition to establish the cause and date of death in an accident or disaster case under MCL 700.492a . . . are the heirs of the decedent."[3] An heir is "a person, including the surviving spouse or the state, that is entitled under the statutes of intestate succession to a decedent's property." MCL 700.1104(p).

Appellant was not entitled to notice of the petition hearing because he does not constitute an interested party within the meaning of MCR 5.205(C)(20). Appellant is not Gray's heir because he was never married to Gray and was not entitled to Gray's property under the statutes of intestate succession. Appellant's only argument is that he is the father of Gray's daughter, Stephanie Jean Pann. But that does not provide a relation to Gray such that he was entitled to notice. Because appellant is not an interested party under MCR 5.205(C)(20), MCL 700.492a did not require that he be given notice of the probate proceeding. Therefore, appellant does not have standing to seek relief in this case.

---

[1] MCR 2.612(C)(1)(c) provides that the court may relieve a party from a final judgment, order, or proceeding if there has been "[f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

[2] MCL 700.492a was repealed and replaced by MCL 700.1208.

[3] The current version of MCR 5.205(C)(20) is MCR 5.125(C)(17).

Appellant also relies on MCR 5.205(B)(4)[4] to argue that he was entitled to notice of the probate proceeding, and therefore, has standing to seek relief. MCR 5.205(B)(4), which provides for special conditions related to interested parties, states that "*[e]xcept as otherwise provided by law*, the natural father of a child born out of wedlock need not be served notice of proceedings in which the child's parents are interested parties unless his paternity has been determined in a manner provided by law." (Emphasis added.) Based on the plain language of the court rule, MCR 5.205(B)(4) does not apply because MCR 5.205(C)(20) specifically defines an interested party for the purposes of determining who is entitled to notice of the probate hearing as an heir of the decedent.

While the probate court properly denied appellant's motion because he lacked standing to become involved in the case, it erroneously determined that appellant's paternity was not established by the time of the hearing. Appellant's paternity to Pann was established on December 30, 1991, when the affidavit of parentage was filed with the Macomb County Probate Court. However, appellant's paternity to Pann is irrelevant because appellant is not an interested party within the meaning of MCR 5.205(C)(20). Despite the probate court's error, it reached the proper result. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Appellant next argues that the probate court abused its discretion by denying his motion for reconsideration because he timely filed a motion for reconsideration to be held in abeyance and a motion for discovery.[5] This Court reviews a probate court's decision on a motion for reconsideration for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008).

Pursuant to MCR 2.119(F)(1), a motion for reconsideration "of the decision on a motion must be served and filed not later than 21 days after entry of an order deciding the motion." MCR 2.119(F)(1). The plain language of the court rule provides that reconsideration of the probate court's decision denying appellant's motion for relief from judgment must have been served and filed within 21 days of the order denying appellant's motion for relief from judgment. Appellant's motion for reconsideration was filed on October 10, 2010, more than 21 days after the entry of the August 30, 2017 order denying his motion for relief from judgment. The fact that appellant sought an extension within the 21-day period does not automatically remedy the untimeliness of appellant's motion for reconsideration. Therefore, the probate court did not abuse its discretion by denying appellant's motion for reconsideration because it was untimely.

---

[4] The current version of MCR 5.205(B)(4) is MCR 5.125(B)(4).

[5] We also reject appellant's argument that the probate court abused its discretion by failing to hold an evidentiary hearing on appellant's allegations that appellee committed fraud on the court, as plaintiff lacked standing to litigate anything in this case. In any event, appellant fails to present any evidence in support of his allegations that appellee was aware of several reported sightings of Gray but failed to disclose them at the petition hearing.

Moreover, regardless of the untimeliness of appellant's motion, based on our analysis above, it would not have been an abuse of discretion had the court denied reconsideration on the merits.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher