*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF DONALD MILLER, by DONNA
MILLER, Personal Representative,

        Plaintiff-Appellant,

v

ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY,

        Defendant,

and

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
December 22, 2020

No. 348431
Wayne Circuit Court
LC No. 18-009725-NF

Before: SWARTZLE, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

In this first party no-fault insurance action arising from a collision between a bicycle and a car, plaintiff Donna Miller, as personal representative of the estate of Donald Miller,[1] appeals as of right from the trial court's final order granting summary disposition in favor of defendant Allstate Fire and Casualty Insurance Company (Allstate), which insured the car involved in the accident. On appeal, plaintiff challenges the trial court's prior order granting summary disposition

---

[1] Mr. Miller died from an illness unrelated to the accident at issue during the pendency of this appeal, and this Court granted a motion for substitution. *Estate of Donald Miller, by Donna Miller, Personal Representative (Miller II)*, unpublished order of the Court of Appeals, entered December 4, 2019 (Docket No. 348431). This opinion uses "Miller" to refer to Donald Miller, and "plaintiff" to refer to Donna Miller, as personal representative of Donald Miller's estate.

in favor of defendant Nationwide Mutual Fire Insurance Company (Nationwide), which was assigned to Miller's claim after he filed an application to the Michigan Assigned Claims Plan (MACP).[2]  Plaintiff contends that the trial court erred by granting summary disposition to Nationwide after finding no genuine issue of material fact that Allstate was the insurer of higher priority, and consequently, plaintiff was precluded from seeking no-fault benefits through the MACP.  Because Allstate could be identified by plaintiff, we affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

On June 2, 2017, Donald Miller was riding his bicycle through a crosswalk when he was allegedly struck by a vehicle driven by Loretta Deloach.[3]  There was no investigation at the scene. Three days later, Miller reported the incident to police, which resulted in the generation of several documents.[4]  According to the Incident/Investigation Report and Reporting Officer Narrative, Miller was riding his bicycle "past a [sic] exit from the plaza on Greenfield and Lyndon when Ms. Loretta Deloach hit him as she was exiting."  Miller further reported that he "fell off his bike and hurt his head, neck, shoulder, and back," but had not yet been evaluated at a hospital. The Incident/Investigation report contained among other details DeLoach's name, as well as the year, color, make, model, and vehicle identification number (VIN) of her car.   An Incident Report Suspect List contained Deloach's home address, telephone number, and driver's license number.[5]

---

[2] Both orders were entered the same day, but the order granting Allstate's motion for summary disposition was issued after the order granting Nationwide's motion for summary disposition and identified as the final order in the case.  Notably, the MACP is not an entity, it is a program established by the State of Michigan and administered by the Michigan Automobile Insurance Placement Facility (MAIPF) to provide no-fault benefits for people injured in a car or truck accident when no applicable car insurance is available.

[3] In communications with Nationwide, Deloach insisted that Donald Miller ran into the side of her car.

[4] Deloach filed a police report four days after the accident, in which she identified Allstate as her insurer, but she described an incident at a different location, at a slightly different time, and involving her car being rear-ended by another car while stopped at a red light at an intersection. Deloach reported that the driver of the other car agreed to meet her at a gas station to exchange information, but fled instead.  She did not identify Miller in her report, or a bicycle accident, and it does not appear reasonable that Miller could have found this police report.  In fact, he testified that she had not called the police or filed a report because he asked her when they later spoke by telephone.

[5] It is not clear from the record how much of this information came from Miller.  Miller testified at his deposition that he and Deloach "exchanged information," and that he wrote down her license plate number.  But Miller also testified that he obtained a copy of the police report two or three weeks after the accident, which had Deloach's contact information on it, and that he called her a couple of times.

It is undisputed that Miller did not have a no-fault insurance policy, nor did he reside in a household with someone who had a no-fault policy. On May 16, 2018, approximately 11 ½ months after the accident, Miller applied through the MACP to obtain personal injury protection (PIP) benefits provided by Michigan's no-fault act, MCL 500.3101 *et seq*. The application was prepared and signed by Miller and his attorney and stated, "I reviewed the priority and no other providers are applicable." In a letter dated May 29, 2018, the MACP asked Miller for additional information, including the VIN and license plate number of the car involved. In a letter dated June 11, 2018, the MACP informed Miller that it was unable to process his claim for PIP benefits until Miller contacted Deloach for her insurance information and submitted a claim to her insurer. If Deloach was not insured, or if her insurer denied the claim, Miller should submit supporting documents to the MACP or advise the MACP of his "contact attempts." The MACP assigned the claim to Nationwide on July 2, 2018.

On August 7, 2018, Miller filed a complaint against Allstate, amending it ten days later to add Nationwide. Miller alleged that both insurers had failed or unreasonably refused to pay his claim for PIP benefits. Both insurers denied liability. Allstate asserted as an affirmative defense that Miller's claim was barred by MCL 500.3145 because he failed to notify Allstate about the accident within one year of its occurrence. Nationwide denied liability on the ground that a higher-priority insurer, Allstate, existed to pay Miller's claim. Allstate and Nationwide filed motions for summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(10) respectively. Miller responded that Allstate's motion should be denied because, notwithstanding MCL 500.3145's notice requirements, a genuine issue of material fact existed as to whether Allstate insured Deloach's car on the date of the accident.[6] Miller opposed Nationwide's motion for summary disposition by arguing that an application for no-fault benefits through the MACP was permitted because Miller had been unable to identify any applicable personal protection insurance after the accident.

The trial court held a hearing on Allstate's and Nationwide's motions for summary disposition on March 20, 2019.[7] After the conclusion of arguments, the trial court went off the record to give Miller's attorney a moment to locate certain information about Miller's third-party action against Deloach. The court inadvertently failed to go back on the record as it continued to articulate its reasons for granting the two summary disposition motions. After filing a claim of appeal in this Court, Miller filed a motion for remand to settle the record, which this Court granted.[8]

---

[6] Miller filed his response on March 12, 2019. The record shows that on October 11, 2018, Nationwide filed Allstate's responses to Nationwide's request for admissions. Allstate admitted that, on the date of the accident, Deloach and the vehicle she was driving were covered by a policy of no-fault insurance issued by Allstate.

[7] At that hearing, Miller's counsel represented that he had attempted to verify with Deloach that Allstate was her insurer, but she had refused to provide him with the policy number. Miller's counsel also acknowledged that a third-party action was pending against Deloach and that Allstate was defending her.

[8] *Estate of Donald Miller, by Donna Miller, Personal Representative (Miller I)*, unpublished order of the Court of Appeals, entered October 17, 2019 (Docket No. 348431).

On remand, the trial court restated its reasons for granting summary disposition for Allstate under MCR 2.116(C)(7) and for Nationwide under MCR 2.116(C)(10). Relative to Nationwide, the trial court found that there was no genuine issue of material fact that Allstate was a higher-priority insurer and concluded, therefore, that Miller was precluded from claiming PIP benefits through the MACP. The court pointed out that if a claimant who had taken insufficient steps to discover applicable insurance could simply claim benefits from the MACP, the MACP would become the insurer for everyone. The court opined that this was not the purpose of the no-fault act.

## II. ANALYSIS

On appeal plaintiff first argues that the trial court erred by granting summary disposition in favor of Nationwide because Miller exercised due diligence in attempting to locate a higher - priority insurer before submitting his claim to the MACP, but no such insurer could be identified. In light of the record evidence, we disagree.

We review de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(10). *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 617-618; 873 NW2d 783 (2015). A motion under (C)(10) tests the factual sufficiency of a claim, and when deciding (C)(10) motions, this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We also review de novo the trial court's interpretation and application of the relevant statutes. *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019).

Under the no-fault act, an individual injured by a motor vehicle generally must seek benefits from his own insurer, or, if not insured, under a no-fault insurance policy from other potential insurers if they can be identified. *Spencer v Citizens Ins Co*, 239 Mich App 291, 301; 608 NW2d 113 (2000); MCL 500.3114(1); MCL 500.3115.[9] "[A]n individual not covered by an applicable policy who suffers injury 'while not an occupant of a motor vehicle' is entitled to coverage pursuant to the policy of the owner or the operator of the vehicle involved in an accident." *Id*. at 301 (citing MCL 500.3115(1)). Under certain circumstances, an individual may obtain benefits through the MACP as provided by MCL 500.3172(1), as amended by 2012 PA 204:

> A person entitled to claim because of accidental bodily injury arising out of the
> ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in

---

[9] MCL 500.3115, along with other portions of the no-fault act, was substantially amended by 2019 PA 21 and 22, each effective June 11, 2019. The accident at issue in this case, and the proceedings below, occurred before the amendment, and no party argues that the amendments apply retroactively. See *Johnson v. Pastoriza*, 491 Mich 417, 429-432; 818 NW2d 279 (2012) (discussing the means by which the Legislature can make an amendment effective retroactively). References to statutory sections throughout this opinion are to those in effect at the time of the accident.

this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, *no personal protection insurance applicable to the injury can be identified,* the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. In that case, unpaid benefits due or coming due may be collected under the assigned claims plan and the insurer to which the claim is assigned is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility. [Emphasis added.]

The MACP assigned insurer "serves as the insurer of last priority." See *Titan Ins Co v Am Country Ins Co,* 312 Mich App 291, 298; 876 NW2d 853, 857 (2015), citing MCL 500.3172. Plaintiff contends that Miller was entitled to claim PIP benefits though the MACP because "no personal protection insurance applicable to the injury [could] be identified."

In the case at bar, documents attached to Nationwide's motion for summary disposition and its reply to plaintiff's brief in opposition to summary disposition indicate that personal protection insurance applicable to plaintiff's injury was identifiable. Allstate's answers to Nationwide's request for admissions, which had been filed in October 2018 and which Nationwide attached to its motion for summary disposition, show that at the time of the accident, a no-fault policy of insurance covering Deloach and the vehicle she was driving was in effect, and that it was not subsequently rescinded. Miller was deposed in this case, and portions of his testimony were attached to Nationwide's reply brief supporting its motion for summary disposition. Notably, Miller testified that he exchanged information with Deloach at the scene and wrote down her license plate number. In addition to providing information to the police, he later went to the police station two or three weeks after the accident and picked up a copy of the incident report. Between the information he had obtained from Deloach and whatever information may have been further gathered by the police, within weeks of the accident Miller had detailed information including Deloach's full name, her address, telephone number, driver's license number, and the year, make, model, color, license plate number, and VIN number of her car. Miller testified that he called Deloach a couple of times, and although she initially refused to give him the name of her insurer, she eventually did tell him the name and he wrote it down, which he estimated occurred "a few months" after the accident. But Deloach would not give him a policy number; he said she told him to call her if he had any expenses.[10] Nevertheless, Nationwide's evidence does indicate that Deloach told Miller she was insured and she told him the name of her insurer well before he filed

---

[10] To the extent the trial court had the discretion to disregard evidence submitted by Nationwide in its reply brief, we note again that Miller's counsel indicated on the record at the hearing that he conversed with Deloach about her being insured by Allstate, but she would not give him the policy number. Thus, it appears undisputed that Miller possessed knowledge of Allstate as a potential insurer of Deloach in time to timely sue Allstate and preserve his rights. He simply lacked a policy number.

his application with the MACP. At the very least, he possessed substantial information that he could have used to identify her insurer.

This is not a case where an at-fault driver was unknown and there was no information about the vehicle involved. See, e.g., *Frierson v West American Ins Co*, 261 Mich App 732, 737; 683 NW2d 695 (2004). In this case, there existed an active policy of no-fault insurance issued by Allstate to Deloach that was identifiable. See *Griffin v Trumbell*, __ Mich App __, __ NW2d __ (2020) (Docket No. 344272); slip op at 4-5 (suggesting that whether applicable personal injury insurance can be identified pertains more to the identifiability of the insurance than to the efforts expended by the person seeking to identify it).[11] Because a higher-priority insurer was readily identifiable at the time Miller filed his claim for no-fault benefits with the MACP, Miller did not meet the conditions required to apply for PIP benefits through the MACP, and the trial court did not err in granting summary disposition to Nationwide.

Plaintiff also contends that this Court's decision in *Spencer* should govern the outcome of the instant appeal because the facts of this case are "nearly indistinguishable" from those in *Spencer*. We again disagree.

In *Spencer*, the plaintiff sought no-fault benefits from the MACP after being injured in an accident where the identity of the at-fault driver was unknown because it was a hit-and-run. *Spencer*, 239 Mich App at 302. The MACP assigned the plaintiff's claim to defendant, Citizens Insurance Company (Citizens), who began paying no-fault benefits to the plaintiff. *Id*. at 295. After discovering that the plaintiff subsequently had identified and sued the driver of the vehicle that hit him, and had reached a third-party claim settlement with Allstate, the driver's insurer, Citizens stopped paying the plaintiff's PIP benefits. *Id*. Consequently, the plaintiff filed suit against Citizens and Allstate, asking the trial court to determine who was responsible for the payment of PIP benefits, and also filed a motion for summary disposition against Citizens, alleging that it should continue to pay benefits and to seek indemnification from Allstate. *Id*. After additional proceedings not relevant to the instant appeal, the trial court eventually found that Allstate was the higher-priority insurer, and concluded in light of that finding that Citizens was no longer obligated to pay the plaintiff's PIP benefits. *Id*. at 296-298.

The plaintiff challenged the trial court's decision on appeal, where the issue before this Court was "whether any provision of the no-fault act permits [Citizens], the assigned-claim insurer, to cease paying assigned-claim benefits in the event it subsequently discovers a higher priority insurer." *Id*. at 304. This Court held that there was no such provision, explaining that nothing in the "language in the assigned-claims provisions of the no-fault act specifically relieves an insurer to whom the Assigned Claims Facility has assigned a claim of its obligation to pay benefits on the basis that the assigned insurer later discovers another applicable insurer." *Id*. at 305. Relying on this Court's holding in *Spencer*, the present plaintiff argues that the trial court erred by granting summary disposition to Nationwide because the discovery of a higher-priority insurer did not relieve it of its obligation to pay Miller's PIP benefits.

---

[11] Our citation to *Griffin* does not mean we agree with all of its analysis. But it is binding precedent, and of relevance here, it supports the conclusion that Deloach's insurance could be identified.

Plaintiff's argument is unpersuasive for several reasons. Here, unlike in *Spencer*, Nationwide neither refused to pay nor paid any no-fault benefits to plaintiff; Nationwide was still at its initial investigatory stage when it discovered that Allstate was the higher-priority insurer. Additionally, unlike in *Spencer*, Miller immediately learned who struck him. He exchanged information with Deloach at the scene and was in possession of substantial additional information about her and her car after obtaining a copy of the police report within weeks of the accident. And within a few months of the accident, Deloach had told him the name of her insurer. Plaintiff possessed information from which he could have identified applicable personal protection insurance. Plaintiff has not contended that he was entitled to apply for PIP benefits through the MACP for any reason other than that "[n]o personal protection insurance applicable to the injury can be identified." MCL 500.3172(1). Plaintiff has not argued, nor cited any authority for the proposition that, although Nationwide discovered the existence of a higher-priority insurer within weeks of being assigned plaintiff's claim, Nationwide was nevertheless obligated to service the claim. Because a higher-priority insurer was readily identifiable at the time plaintiff filed his claim for no-fault benefits with the MACP, the trial court did not err in granting summary disposition to Nationwide.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher