*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GREATER LAKES AMBULATORY SURGICAL
CENTER, LLC,

       Plaintiff-Appellee,

and

LATONYA STEEN,

       Other Party,

and

MEDS DIRECT PHARMACY, PARAGON
DIAGNOSTICS, MERCYLAND HEALTH
SERVICES, and TOX TESTING, INC.,

       Intervening Plaintiffs,

v

MEEMIC INSURANCE COMPANY,

       Defendant-Appellant.

UNPUBLISHED
July 29, 2021

No. 353842
Macomb Circuit Court
LC No. 2018-003577-NF

Before: GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition in this no-fault action. Defendant argues that the trial court erred in denying its motion

---

[1] *Greater Lakes Ambulatory Surgical Center, LLC v Meemic Ins*, unpublished order of the Court of Appeals, entered September 3, 2020 (Docket No. 353842).

-1-

for summary disposition because plaintiff, Greater Lakes Ambulatory Surgical Center, LLC, lacks standing and is not the real party in interest to bring this claim.[2] We vacate the trial court's order, and remand to the trial court to enter an order granting summary disposition to defendant.

Latonya Steen was in a motor vehicle accident on October 10, 2017, sustained bodily injuries, and received treatment from plaintiff. She had a contract for no-fault insurance benefits with defendant at the time. Steen assigned her rights to plaintiff to sue defendant for reimbursement, and although defendant was provided with proof of the amount of loss sustained, it did not make full payment. Thus, plaintiff filed a five-count complaint against defendant on September 18, 2018, alleging violation of defendant's statutory duty under the no-fault act, MCL 500.3101 *et seq.*, breach of contract, and seeking declaratory relief, attorney fees, and statutory interest. In the midst of the lower court proceedings, defendant learned that plaintiff assigned and sold its accounts receivables to MedFinance Servicing, LLC, and/or Well States Healthcare, LLC ("the servicing companies") on June 27, 2018. Thus, defendant moved for summary disposition of plaintiff's claims because plaintiff lacked standing and was not the real party in interest having assigned its rights to the servicing companies before filing the complaint. The trial court denied defendant's motion, and ordered that no additional claims could be added or filed by plaintiff or the servicing companies. This appeal followed.

Whether a plaintiff has standing is a question of law reviewed de novo, *Crawford v Dep't of Civil Serv*, 466 Mich 250, 255; 645 NW2d 6 (2002), as is the related issue of whether a plaintiff is the real party in interest, *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 621; 873 NW2d 783 (2015), and the proper interpretation of a contract, *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). We also review de novo a trial court's decision on a motion for summary disposition. *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 493; 815 NW2d 132 (2012).

Summary disposition is appropriate under MCR 2.116(C)(5) when "[t]he party asserting the claim lacks the legal capacity to sue." "In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *UAW*, 295 Mich App at 493 (quotation marks and citation omitted). However, when a motion for summary disposition is filed under MCR 2.116(C)(5) and the parties present documentary evidence outside the pleadings, review is proper under MCR 2.116(C)(10). *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 494 n 2; 948 NW2d 452 (2019). Here, the parties relied on the sales agreement, which was not a part of the initial pleadings, because defendant did not discover that plaintiff had assigned its rights until after this case began. Summary disposition may be granted under MCR 2.116(C)(10) when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468

---

[2] Intervening plaintiffs Meds Direct Pharmacy, Paragon Diagnostics, Mercyland Health Services, and Tox Testing, Inc., are not subject to this appeal because the trial court entered stipulated orders dismissing their claims.

(2003). The Court reviews all of the evidence submitted by the parties in the light most favorable to the nonmoving party when reviewing a motion filed under MCR 2.116(C)(10). *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008).

"In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). The goal of contract interpretation is to give effect to the intent of the parties, as determined by the plain and unambiguous language. *Kendzierski v Macomb Co*, 503 Mich 296, 311; 931 NW2d 604 (2019). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written, because an unambiguous contract reflects the parties' intent as a matter of law." *Id*. (quotation marks and citation omitted). The terms of a contract are ambiguous on its face only if they are equally susceptible to more than one meaning. *Id*. This Court may not create an ambiguity when the contract is clear. *Id*. at 311-312. This respects the freedom of individuals to contract as they see fit. *Id*. at 312.

As an initial matter, we note plaintiff's argument that defendant "lacks standing" to challenge the sales agreement because defendant is not a party to the contract. However, plaintiff did not raise this argument in the trial court, so it is not properly before this Court on appeal. See *Omer v Steel Technologies, Inc*, 332 Mich App 120, 136; 955 NW2d 575 (2020) (quotation marks and citation omitted) ("Generally, an issue is not properly preserved if it is not raised before, addressed, or decided by the circuit court[.]"). Moreover, plaintiff provides no authority in support of this proposition. "A party may not simply announce its position and leave it to this Court to discover and rationalize the basis for the party's claim." *Badiee v Brighton Area Schs*, 265 Mich App 343, 357; 695 NW2d 521 (2005) (quotation marks and citation omitted). Failure to properly brief an issue on appeal constitutes abandonment. *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 88; 869 NW2d 213 (2015).

The "Purchase and Sale Agreement for Accounts Receivable with Guaranteed Return" was entered between plaintiff and "MedFinance Servicing, LLC and/or Well States Healthcare, LLC" on June 27, 2018. The sales agreement provides that plaintiff had provided medical treatment to individuals and deferred collection of payment pending resolution of third-party lawsuits. Plaintiff maintained a lien against each patient for the payment of any funds recovered. Plaintiff wished to "sell, transfer, assign, and convey [its] legal and equitable right to the economic benefit and interests . . . in each of the Medical Liens, Letters of Protection, and Accounts Receivable," and the servicing companies wished to purchase. In the event that plaintiff received payment on an account receivable, it was to transfer the payment to the servicing companies within three days. The sales agreement states that it "constitutes a legal, valid, and binding obligation of" plaintiff, and that "[t]his agreement constitutes a valid assignment to [the servicing companies] of all Economic Rights and Interests of [plaintiff] in the Accounts Receivable and the proceeds thereof[.]"

Plaintiff was required to provide "any and all required support reasonably requested by [the servicing companies] in order to prove the Accounts Receivable are due, including but not limited to, documents, Account documents, depositions, live testimony in Court, and reports and/or memoranda necessary or desirable, in any court proceeding, arbitration proceeding, mediation, or settlement negotiations related to the Accounts Receivable due or any Patient's demand or lawsuit

against [the servicing companies, plaintiff,] or any third party." Upon certain occurrences, plaintiff was obligated to repurchase from the servicing companies any account receivable. "In the event that it is determined by [the servicing companies] that [plaintiff] is in breach of any covenant, agreement, obligation, warranty, or representation as set forth herein relating to any Accounts purchased by [the servicing companies], [the servicing companies] shall notify [plaintiff] . . . , which thereafter creates [the servicing companies'] right to require [plaintiff] to repurchase the Accounts."

Under MCR 2.201(B), "[a]n action must be prosecuted in the name of the real party in interest[.]" "A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013) (quotation marks and citation omitted). "A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Id*. (quotation marks and citation omitted). The real party in interest doctrine is a "standing doctrine" that "recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy" and "protects a defendant from multiple lawsuits for the same cause of action." *Id*. (quotation marks and citation omitted). "[A]n assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Cannon Twp v Rockford Pub Schs*, 311 Mich App 403, 412; 875 NW2d 242 (2015). "[A]n assignment divests the assignor of any interest in the subject matter of the assignment." 6A CJS, Assignments, § 88.

Under the plain and unambiguous language of the sales agreement, it is clear that plaintiff assigned all of its rights in the accounts receivable to the servicing companies. The assignments divested plaintiff of any ownership interest in the accounts. Therefore, the trial court erred when it denied defendant's motion for summary disposition because there is no genuine issue of material fact that plaintiff lacked standing and was not the real party in interest related to the account receivable for Steen because plaintiff had assigned its rights to such to the servicing companies before it filed suit against defendant. MCR 2.116(C)(10).

The parties dispute the application of ¶ 5 of the sales agreement, entitled "Power of Attorney," which provides in part:

> In order to support [the servicing companies'] collection efforts with regard to the Accounts Receivable, [plaintiff] hereby makes, constitutes, and appoints [the servicing companies], with full power of substitution, its true and lawful attorney in fact, for it and its name, place and stead, to make, execute, sign, acknowledge, swear to, deliver, record, and file any document or instrument which may be considered necessary or desirable by [the servicing companies] to carry out the provisions of this Agreement, including, but not limited to, enforcement of any Medical Lien or Letter of Protection in the name of [plaintiff] with respect to an Account Receivable and issuing payment instructions with respect to any proceeds paid or payable of such Account Receivable ("**Power of Attorney**"). . . .

Plaintiff argues that under this provision, the servicing companies were "afforded the right to initiate legal proceedings on its own behalf *or* in the name of [plaintiff]," and that it was "their intent and interpretation of the power of attorney clause [to] include[] the right of [the servicing

companies] to name [plaintiff] as plaintiff." We disagree. The plain language of the power-of-attorney provision granted the servicing companies power of attorney over plaintiff—not the other way around. Nowhere in the contract is plaintiff permitted to pursue an action on behalf of the servicing companies.

Rather, ¶ 4, entitled "Servicing," provides that plaintiff

acknowledges that on the **Closing Date** [June 27, 2018], . . . [the servicing companies] will take over servicing of all Accounts without limitation. Among other things, [the servicing companies] shall have the right to retain an attorney to initiate collection efforts on the Accounts Receivable by any available legal means, including without limitation sending notices of a claim, making demands upon insurance companies or parties allegedly at fault, or initiating legal proceedings. As of the **Cutoff Date** [June 1, 2018] . . . , [plaintiff] shall not settle, solicit, or accept collections on any of the Accounts Receivable. . . .

"[C]ontracts must be read as a whole." *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 447; 886 NW2d 445 (2015). Thus, when these two provisions are read together, under the plain language of the contract, plaintiff did not retain any interest in the action under the power-of-attorney provision. Rather, the servicing company received power of attorney to act in plaintiff's name, and the servicing companies took over all of the accounts "without limitation."

Plaintiff also argues that the exception to the real party in interest requirement in MCR 2.201(B)(1) applies. This provision provides that

[a] personal representative, guardian, conservator, trustee of an express trust, a party with whom *or in whose name a contract has been made for the benefit of another*, or a person authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought. [MCR 2.201(B)(1).]

Plaintiff argues that standing is proper with plaintiff under the sales agreement for the benefit of the servicing companies, as agreed to by plaintiff and the servicing companies. We disagree. The sales agreement provides that it "is for the sole benefit of the parties hereto, and nothing contained in this Agreement shall be construed to grant any person or entity, other than Seller and Buyer and their respective successors and permitted assigns, any right under or in respect of this Agreement or any provision thereof." Thus, under the plain and unambiguous language of the contract, the contract was not made "for the benefit of another." MCR 2.201(B)(1). The contract was made for the sole benefit of plaintiff and the servicing companies. Therefore, plaintiff's reliance on this court rule is misplaced.

Lastly, plaintiff argues that defendant failed to prove that it was prejudiced by plaintiff's failure to disclose the sales agreement, and it has no bearing on the outcome of the case. Defendant argued in reply that it could be prejudiced because any judgment obtained by plaintiff would not preclude the servicing companies from seeking payment on the same account receivable. In the context of standing, this Court has stated that "[a] defendant is not harmed provided the final judgment is a full, final, and conclusive adjudication of the rights in controversy that may be pleaded to bar any further suit instituted by any other party." *Barclae*, 300 Mich App at 483

(quotation marks and citation omitted).  The trial court attempted to protect defendant when it delivered its ruling on the motion for summary disposition by stating that "No other action can be brought by either the servicing company or [plaintiff] with respect to this claim," and including in its order that "no additional claims by [plaintiff, or the servicing companies] regarding this claim can be added and/or filed."  However, there is no genuine issue of material fact that plaintiff lacked standing and was not a real party in interest having assigned its rights to the servicing companies.  Therefore, the trial court erred by denying defendant's motion for summary disposition.

The order denying defendant's motion for summary disposition regarding standing is vacated, and this matter is remanded to the trial court to enter an order granting summary disposition to defendant.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien