LABAR vs. NICHOLS.

Also that the Court erred in not giving judgment in their favor for costs upon the issues found in their favor. It was deemed sufficient as an answer to these arguments to say that the record did not show that any motion in arrest of judgment was made on this ground — The Court further held that the three counts in the declaration were not, as a legal proposition, for the same cause of action.

The course taken to double the damages was correct, and the judgment was affirmed with costs.

---

## LABAR vs. NICHOLS.

To entitle a person to appeal from the allowance of an administrator's account, he must show that he has been aggrieved by such allowance.

Error to Kalamazoo Circuit.

*Opinion by* CAMPBELL, C. J.—The Circuit Court dismissed an appeal from the allowance of an administration account, on the ground that the appellant was not a personage aggrieved by the order appealed from. The appellant was the son of decedent, who died testate, and had bequeathed him $10 out of a considerable estate, all of which was willed to specific and residuary legatees and devisees. The will was probated and established in 1859. The account in question was settled in 1689, and the order of settlement directed this legacy to appellant to be paid, and a large surplus was shown and ordered to be distributed

The appellant had no interest in the case save as to his legacy of $10 and as to the question whether he might be held liable so far as his legacy went for some contingent and unaccrued claims which might be discovered. The statute requires that the person appealing must be " aggrieved," and his interest must be present and existing. No claim has yet occurred after the lapse of many years, nor does there seem any likelihood that appellant's interest will be interfered with in any way.

The order of the Circuit Court dismissing the appeal is affirmed.