*In re* ESTATE OF MATT MILLER.

PETITION OF ATTORNEY GENERAL.

1. ESCHEATS—MENTALLY INCOMPETENT TESTATOR WITHOUT HEIRS.

The State may successfully maintain proceedings to escheat the property of a mentally incompetent testator who left no legal heirs to inherit his estate (3 Comp. Laws 1929, §§ 13440, subd. 6, 15604, 15605).

2. SAME—FREEHOLDS—FAILURE OF HEIRS.

Since freehold must always vest somewhere, title thereto upon freeholder's death passes to the State at once upon failure of heirs (3 Comp. Laws 1929, § 13440, subd. 6).

3. APPEAL AND ERROR—STATE AS PARTY.

State must have direct pecuniary interest in the outcome of a case in order to be entitled to appeal from order entered therein and may not appeal if it has no interest and is not aggrieved.

4. ESCHEATS—CONTINGENT INTEREST OF STATE.

Prospective contingent interest of State in estate of man who is claimed to have been mentally incompetent to make a will and to have left no legal heirs *held*, to entitle it to judicial determination as to whether deceased made a valid will and whether he left heirs entitled to inherit his estate in the absence of a will (3 Comp. Laws 1929, §§ 15604, 15605).

5. APPEAL AND ERROR—PROBATE COURT—DELAYED APPEAL.

Delayed appeal from action of probate judge is authorized by statute to be granted by circuit court upon such terms as it shall deem reasonable to anyone aggrieved thereby if without default on his part appeal according to law has been omitted and justice requires a revision of the case (3 Comp. Laws 1929, §§ 15969, 15970).

6. SAME—AGGRIEVED PARTY DEFINED.

"Aggrieved" party as used in statute permitting circuit court to grant delayed appeals from probate court means one who

has a pecuniary interest in outcome of case, not a mere possibility arising from some unknown and future contingency (3 Comp. Laws 1929, §§ 15969, 15970).

7. WILLS—PROBATION—PARTIES IN INTEREST.
Parties in interest in a proceeding to probate will are the beneficiaries under the will and those upon whom the law would cast the property in event will is set aside.

8. MANDAMUS—DELAYED APPEAL—DISCRETION OF COURT.
Mandamus should not issue to compel circuit court to set aside its discretionary order granting delayed appeal from order of probate court admitting will to probate unless upon face of papers presented to it denial of such an appeal was mandatory (3 Comp. Laws 1929, §§ 15604, 15605, 15969, 15970).

9. WILLS—CIRCUIT COURT—DISCRETION OF COURT—DELAYED APPEAL FROM PROBATE COURT.
Reasonable exercise of properly invoked discretionary power on part of circuit court in granting delayed appeal from order of probate court admitting will to probate *held*, binding on Supreme Court on appeal in nature of mandamus (3 Comp. Laws 1929, §§ 15604, 15605, 15969, 15970).

10. SAME—MENTAL COMPETENCY.
It is only when testator has been found by a competent tribunal to have been mentally incompetent to make will in question that it may be set aside and refused probate.

11. SAME—DELAYED APPEAL—DISCRETION OF COURT.
Under showing made by State in affidavits supporting its petition for delayed appeal from order admitting will of alleged mentally incompetent and heirless person to probate, order of circuit court granting delayed appeal to State *held*, not an abuse of discretion (3 Comp. Laws 1929, §§ 15604, 15605, 15969, 15970).

Appeal from Wayne; Webster (Clyde I.), J. Submitted December 3, 1935. (Calendar No. 38,644.) Decided January 6, 1936.

The will of Matt Miller, deceased, was admitted to probate. On petition of Harry S. Toy, Attorney General, for a delayed appeal. From order allow-

ing appeal, Katherine Layman, individually and as executrix of the estate of Matt Miller, deceased, reviews by appeal in the nature of mandamus. Writ denied.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd* and *Buell A. Doelle,* Assistants Attorney General, for plaintiff.

*Charles Bowles,* for defendant.

POTTER, J. The claimed will of Matt Miller, who died October 4, 1934, was admitted to probate in Wayne county December 4, 1934, an executrix, Katherine Layman, appointed, his estate administered, and the final account of the executrix presented to the probate court for allowance. The State, by its attorney general, then petitioned the circuit court to allow it a delayed appeal from the order of the probate court admitting the will of decedent to probate.

The petition for the probate of the will showed decedent had one brother, Charles Miller. Notice by publication was given to all persons interested of the application to admit the will of deceased to probate, and, in addition, notice by registered mail was given to his brother Charles, addressed to his last known address in Chicago, Illinois. This registered notice was returned undelivered.

The petition of the State, by its attorney general, for leave to grant the delayed appeal filed June 21, 1935, alleged in substance that Matt Miller was mentally incompetent to make the will in question, and that there was good reason to believe Charles Miller, his brother, was dead. Affidavits were filed, attached to the petition, to support its allegations.

This petition was answered, and supporting affidavits attached to the answer. The allegations of the petition were denied.

The circuit court granted the prayer of the State's petition, and Katherine Layman, executrix of the will of deceased, and, it is said, principal beneficiary under his will, prosecutes this appeal in the nature of mandamus to set aside the order of the circuit court granting the delayed appeal, claiming the State has no such interest in the estate of the deceased as to entitle its attorney general to appear and contest the will of deceased, and that the application for leave to appeal was not seasonably made.

If Matt Miller was mentally incompetent to make the will in question and left no legal heirs entitled to inherit his estate, the State may successfully maintain proceedings to escheat the property of deceased to the State.

The freehold must always vest somewhere and it is on this account that the authorities uniformly hold that whenever there is a defect of heirs the title passes at once. *Crane* v. *Reeder,* 21 Mich. 24 (4 Am. Rep. 430).

It is well settled that to entitle the State to appeal, it must have a direct pecuniary interest in the outcome of the case, and that it may not appeal if it has no interest therein and is not aggrieved. If Matt Miller was mentally incompetent to make the will in question, and left no legal heirs entitled to inherit his estate, then, under the statute of escheats,[*] the State has sufficient standing from its prospective contingent interest in the estate to entitle it in regular legal proceedings to have it judicially determined whether deceased made a valid will and whether he

[*] See 3 Comp. Laws 1929, § 13440, subd. 6—REPORTER.

left living heirs or next of kin entitled to inherit his estate in the absence of a will. 3 Comp. Laws 1929, §§ 15604, 15605.

The statute authorizes delayed appeals by anyone aggrieved by any act of the judge of probate if such person shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, if it shall appear that justice requires a revision of the case. Such delayed appeal, if granted, may be upon such terms as the circuit court shall deem reasonable. 3 Comp. Laws 1929, §§ 15969, 15970.

The question of who may be aggrieved was settled in *Labar* v. *Nichols,* 23 Mich. 310. To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. This is the general rule. 3 C. J. pp. 632–634.

It is well settled that the parties in interest in a proceeding to probate a will are the beneficiaries under the will and those upon whom the law would cast the property in the event the will was set aside. This was the rule recognized in *Re Bailey's Estate,* 186 Mich. 677, and is stated in 68 C. J. p. 902.

This court ought not to issue its mandatory writ to the circuit court to compel it to set aside its order already made granting the State the right to take a delayed appeal from the order of the probate court admitting the will of deceased to probate unless, upon the face of the papers presented to it, it was mandatory for the circuit court to deny the petition presented. The showing made by the State by its petition and by the affidavits in support thereof are sufficient to invoke the exercise by the circuit court of its discretion, and the action of the circuit court is binding and conclusive upon this court if exercised

reasonably and not arbitrarily and capriciously in disregard of the facts, the law, or the rights of the opposite party.

If the will of Matt Miller was made by him when he was mentally competent to make it, and the affidavits filed in the circuit court in support of the answer of Katherine Layman, executrix, so indicate, then it is entitled to be admitted to probate. It is only when Matt Miller has been found by a competent tribunal to have been mentally incompetent to make the will in question that it may be set aside and refused probate.

The State, under the showing made, has such an interest in the outcome of the case as to entitle it to ask for a delayed appeal from the order of the probate court admitting the will to probate, and we cannot say, even though we might not agree with the circuit court under the showing made, that the making of the order complained of was an abuse of discretion.

It follows that the writ of mandamus is denied.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. TOY, J., did not sit.