*In re* STURN ESTATE.

FELTZ *v.* STURN.

1. APPEAL AND ERROR—ORDER OF PROBATE COURT—AGGRIEVED PERSON.
    An aggrieved person, entitled to appeal an order of the judge of probate, must have some interest of a pecuniary nature in the outcome of the case (CL 1948, § 701.36).

2. DESCENT AND DISTRIBUTION—HEIRS.
    The sister of a decedent, who died leaving a wife and child surviving him, is not an heir of the decedent within the meaning of the probate code (CL 1948, § 702.80).

3. ESTATES OF DECEDENTS—ACCOUNTING—APPEAL—CLAIMS AGAINST ESTATE.
    Sister of a decedent who died leaving a wife and child surviving him `held,` not to be entitled to appeal the order of the probate judge allowing the final account of the administratrix of the estate, where she had filed no claim against the estate (CL 1948, §§ 701.36, 702.80).

Appeal from Monroe; Weipert (William J., Jr.), J. Submitted Division 2 January 8, 1968, at Detroit. (Docket No. 2,004.) Decided March 26, 1968.

Probate court dismissed objections of Helen M. Feltz and allowed final account of Ruth O. Sturn, administratrix of the estate of James R. Sturn.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 173 *et seq.*
[2]  23 Am Jur 2d, Descent and Distribution § 58.
[3]  21 Am Jur, Executors and Administrators §§ 543, 544.

Helen M. Feltz appealed to circuit court. Appeal dismissed. Helen M. Feltz appeals. Affirmed.

*James J. Kelley, Jr.,* for plaintiff.

*E. J. McCormick,* for defendant.

QUINN, P. J.   Helen M. Feltz appealed to circuit court from the order of the probate court dismissing her objections to the final account of the administratrix and allowing such account. The probate court order was based on a finding that "no competent evidence has been produced to show that the said Helen M. Feltz is a party in interest in these proceedings." On motion of the administratrix, the circuit court appeal was dismissed for the reason Helen M. Feltz "is not an heir at law of said deceased or a person interested in the probate of said estate". The appeal of Helen M. Feltz to this Court raises the sole issue of whether she is "a person aggrieved" by the probate court order within the contemplation of CL 1948, § 701.36 (Stat Ann 1962 Rev § 27.3178 [36]). The issue must be resolved on the following facts:

At the time of his death intestate April 28, 1962, James R. Sturn owned a beer distributing business jointly with his wife, Ruth O. Sturn. His sister, Helen M. Feltz, had performed valuable services for the business. May 2, 1962, the widow petitioned for her appointment as administratrix of the estate and listed as heirs at law: Ruth O. Sturn, wife; James Apel, son; Helen M. Feltz, sister. May 16, 1962, Ruth O. Sturn and Helen M. Feltz entered into a written agreement which, among other things, provided a means of settling the claim of Helen M. Feltz for her services to the beer distributing business. The agreement further provided that on per-

formance of it, Helen M. Feltz would give Ruth O. Sturn a release in full of any and all claims the former may, might, or could have against the business, James R. Sturn or Ruth O. Sturn, jointly or severally. September 20, 1962, the probate court determined the heirs of James R. Sturn to be Ruth O. Sturn, widow, and James Apel, son. This determination was never appealed, nor did Helen M. Feltz ever file a claim against the estate of James R. Sturn.

The right of appeal from probate courts is subject to statutory limitations. *In re Cody's Estate* (1940), 293 Mich 697. The statute, CL 1948, § 701.36, *supra,* provides that any person aggrieved by any order of the judge of probate may appeal. To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case. *In re Estate of Matt Miller* (1936), 274 Mich 190. Helen M. Feltz is neither an heir (CL 1948, § 702.80 [Stat Ann 1962 Rev § 27.3178(150)]), nor a claimant against the estate of James R. Sturn. She has no pecuniary interest therein, so she is not aggrieved by the probate court order.

Affirmed, with costs to appellee.

J. H. GILLIS and HOLBROOK, JJ., concurred.