# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 29, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

157456 & (16)(17)(21)


MCNA INSURANCE COMPANY, d/b/a
MCNA DENTAL,
            Appellant,

v                                                               SC: 157456
                                                                COA: 342646
                                                                Ingham CC: 18-000034-AA

DEPARTMENT OF TECHNOLOGY,
MANAGEMENT AND BUDGET,
            Appellee.

_____/

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the March 12, 2018 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the order of the Court of Appeals and we REMAND this case to the Court of Appeals for plenary consideration. The Court of Appeals is DIRECTED to decide this case on an expedited basis. The motions for stay and to waive the requirements of MCR 7.209(A)(2) and (3) are DENIED.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent. While plaintiff acknowledges in its application that "competitive bidding statutes do not confer standing on bidders," and while this Court has long recognized that disappointed bidders do not possess an interest in the outcome of a bidding process for public contracts, *Talbot Paving Co v Detroit*, 109 Mich 657 (1896), plaintiff nonetheless contends that it possesses standing to maintain the instant action in the Ingham Circuit Court on the basis that it enjoys "statutory standing" under MCL 600.631. Although such an argument may be tenable under *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372 (2010) ("*LSEA*"), which held that "[a] litigant may have standing . . . if the statutory scheme implies that the Legislature intended to confer standing on the litigant," it is untenable under *Nat'l Wildlife Fed v Cleveland Cliffs Iron Co*, 471 Mich 608, 616 (2004), overruled by *LSEA*, 487 Mich at 352, which held previously that the Legislature cannot expand "the realm of disputes cognizable by the judiciary . . . ." Given that plaintiff's argument directly implicates the critical difference between *LSEA* and cases such as *Cleveland Cliffs*, see also *Lujan v Defenders of Wildlife*, 504 US 555 (1992), I would grant leave to appeal to address whether *LSEA* should be overruled in order to restore the standing doctrine in Michigan to its proper constitutional

roots, as well as to conform with federal constitutional law. *Lujan*, 504 US at 577 ("To permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed,' Art. II, §3.").

In my judgment, this Court's remand to the Court of Appeals for plenary consideration is unwarranted because, if plaintiff does not possess standing, the proper course of action for this Court would be to remand to the trial court for entry of an order dismissing the action. *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 741 (2001), overruled by *LSEA*, 487 Mich at 352 ("Plaintiffs do not have standing to bring the present actions. We accordingly . . . remand these actions to the respective circuit courts for entry of orders dismissing plaintiffs' actions on the basis of lack of standing."). Indeed, as recently as last week, the United States Supreme Court observed, "[i]n cases where a plaintiff fails to demonstrate Article III standing, [it] usually direct[s] the dismissal of the plaintiff's claims." *Gill v Whitford*, 585 US __, __ (2018) (Docket No. 16-1161), slip op at 21. I would address the issue of standing at this time without remanding to a lower court for further proceedings, particularly where upon remand that court will be bound by *LSEA*.

Put simply, there is no more critical matter than a proper conception of standing for a judicial body determined to operate within its constitutional purview and in the responsible exercise of the Constitution's "judicial power." US Const, art III, § 2; Const 1963, art 6, § 1. Accordingly, I would grant leave to appeal to address this issue.



s0626

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 29, 2018



Clerk