*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MCNA INSURANCE COMPANY, doing business as MCNA DENTAL,

        Petitioner-Appellee,

v

DEPARTMENT OF TECHNOLOGY, MANAGEMENT AND BUDGET,

        Respondent-Appellant.

FOR PUBLICATION
January 15, 2019
9:10 a.m.

No. 342646
Ingham Circuit Court
LC No. 18-000034-AA

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

SAWYER, J.

This case presents the question whether a disappointed bidder on the awarding of a public contract has standing to file an appeal in the circuit court. We hold that it does not and reverse the circuit court, remanding the matter to the court to enter an order dismissing petitioner's claim of appeal.

Respondent issued a request for proposal (RFP) for two state contracts, and possibly a third regional contract, to provide dental services under the Healthy Kids Dental Program. Petitioner and four other entities submitted proposals. Respondent issued a "Recommendation of Award" ("recommendation") indicating that it intended to award the statewide contracts to Blue Cross and Blue Shield of Michigan ("BCBSM") and Delta Dental. Petitioner filed a protest, arguing that improper deductions were made in scoring its proposal, that BCBSM and Delta Dental were non-responsible bidders, and that respondent improperly allowed BCBSM to amend its proposal after the deadline for submission had passed. With respect to the scoring issue, respondent agreed that the scoring needed to be adjusted, but that the adjustment did not affect the outcome of the award recommendation.

In response to the revised recommendation, petitioner filed a claim of appeal in circuit court under MCL 600.631, alleging that the process and revised recommendation violated Michigan law, resulted in material injustice, and was arbitrary and capricious. Respondent moved to dismiss, arguing that a disappointed bidder lacked standing to challenge a public bid

process and that the circuit court lacked jurisdiction because the Michigan Constitution only grants the circuit court jurisdiction to review final decisions of administrative agencies acting in a judicial or quasi-judicial capacity and affecting private rights or licenses.

After expressing its criticism of how the bidding process is handled, rather than ruling on the motions to dismiss, the trial court adjourned the hearing and directed respondent to submit an affidavit explaining why BCBSM was permitted to change its bid and to allow petitioner to depose the affiant because the court "want[s] the media to know how I feel. Because I will do it again." Respondent filed an application for leave to appeal in this Court from the trial court's order. This Court peremptorily reversed and vacated the order, and remanded for entry of an order dismissing petitioner's claim of appeal in the circuit court.[1] Petitioner filed an application for leave to appeal to the Supreme Court which, in lieu of granting leave, vacated this Court's order and remanded for plenary consideration.[2] On plenary consideration, we again reverse the trial court and direct it to enter an order dismissing petitioner's appeal.

We review a trial court's decision regarding standing de novo. *Dep't of Social Services v Baayoun*, 204 Mich App 170, 173; 514 NW2d 522 (1994). Our analysis starts with this Court's decision in *Groves v Dep't of Corrections*.[3] In *Groves*, the plaintiffs challenged the process by which the state had awarded a contract for the installation of telephone systems at correctional facilities. Similar to the case at bar, the plaintiffs, disappointed bidders, argued that the winning bidder was improperly allowed to change its proposal after the deadline had passed.[4] This Court rejected the plaintiffs' challenge, noting that "Michigan jurisprudence has never recognized that a disappointed bidder . . . has the right to challenge the bidding process."[5] The Court went on to observe that "[l]itigation aimed at second-guessing the exercise of discretion by the appropriate public officials in awarding a public contract will not further the public interest, it will only add uncertainty, delay, and expense to fulfilling the contract."[6] The Court further stated that an action to review the bidding process is limited to cases where there is evidence of fraud, illegality, or abuse and then such an action can only be brought by the appropriate public official.[7] Such restriction was necessary because "[o]pening the floodgates of litigation to every disappointed bidder that believes it has been aggrieved by the bidding process would serve the

---

[1] *MCNA Ins Co v Dep't of Technology, Mgt & Budget*, unpublished order entered March 12, 2018 (Docket No. 342646).

[2] *MCNA Ins Co v Dep't of Technology, Mgt & Budget*, 502 Mich 881; 913 NW2d 653 (2018).

[3] 295 Mich App 1; 811 NW2d 563 (2011).

[4] *Id.* at 4.

[5] *Id.* at 5.

[6] *Id.* at 7.

[7] *Id.*

interests of neither the government nor the citizen-taxpayers that the bidding process is designed to advance."[8]

Petitioner endeavors to distinguish *Groves* on the basis that it, and other similar cases cited by respondent, involved parties who sought to invoke the power of the circuit court by bringing a separate action to challenge the procurement decision instead of bringing an appeal to the circuit court under MCL 600.631 as petitioner did. MCL 600.631 provides as follows:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

MCR 7.103(A)(3) provides that there is an appeal by right "by an aggrieved party" from "a final order or decision of an agency from which an appeal of right to the circuit court is provided by law."

In *Federated Ins Co v Oakland Co Rd Comm*,[9] the Supreme Court discussed the similarity between issues of standing and being an aggrieved party for purposes of appeal:

> As we indicated in *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co,* 471 Mich 608, 612; 684 NW2d 800 (2004), citing *Lee v Macomb Co Bd of Comm'rs,* 464 Mich 726, 734; 629 NW2d 900 (2001), standing refers to the right of a party plaintiff *initially* to invoke the power of the court to adjudicate a claimed injury in fact. In such a situation it is usually the case that the defendant, by contrast, has no injury in fact but is compelled to become a party by the plaintiff's filing of a lawsuit. In appeals, however, a similar interest is vindicated by the requirement that the party seeking appellate relief be an "aggrieved party" under MCR 7.203(A) and our case law. This Court has previously stated, "To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." *In re Estate of Trankla,* 321 Mich 478, 482; 32 NW2d 715 (1948), citing *In re Estate of Matt Miller,* 274 Mich 190, 194; 264 NW 338 (1936). An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a litigant on appeal must demonstrate an injury

---

[8] *Id.* at 8.

[9] 475 Mich 286, 290-292; 715 NW2d 846 (2006).

arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case.

This Court's observation in *Groves* that a disappointed bidder does not have standing to challenge the bidding process[10] is equally applicable in the appellate context. That is, because petitioner had no expectancy to be awarded the contract, it cannot demonstrate an injury arising from the failure to be awarded the contract. Therefore, petitioner is not an aggrieved party and has no standing to bring an appeal in the circuit court.

For these reasons, we conclude that the circuit court should have granted respondent's motion to dismiss based upon a lack of standing. In light of this conclusion, we need not address respondent's alternate argument that the circuit court exceeded the scope of review and abused its discretion by ordering respondent to produce an affidavit.

Reversed and remanded to the circuit court for entry of an order dismissing petitioner's appeal. We do not retain jurisdiction. Respondent may tax costs.

/s/ David H. Sawyer
/s/ Mark T. Boonstra
/s/ Jonathan Tukel

---

[10] *Groves*, 295 Mich App at 5.