*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HARDEN, Minors.

UNPUBLISHED
April 20, 2023

No. 362580
Wayne Circuit Court
Family Division
LC No. 2018-000014-NA

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

In this child-protective proceeding, respondent appeals the trial court's June 9, 2022 order holding that grounds for exercising jurisdiction over respondent's child, JLH, were established under MCL 712A.2(b)(1) and (2), and that statutory grounds for terminating respondent's parental rights to JLH were established under MCL 712A.19b(3)(g), (i), and (j). The order further provided that a best-interest hearing would be scheduled at a later date to determine whether respondent's parental rights to JLH should be terminated at the initial dispositional hearing.

For the reasons set forth in this opinion, we affirm the trial court's jurisdictional decision and hold that the trial court did not abuse its discretion by granting petitioner discretion to allow either unsupervised visitation or visitation supervised by a designee, and decline to consider respondent's challenges to the trial court's findings that statutory grounds for termination were established under MCL 712A.19b(3)(g), (i), and (j).

## I. BACKGROUND FACTS

Respondent's parental rights to two other children were previously terminated in 2019, and this Court affirmed that decision in *In re Kimball/Harden*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2020 (Docket Nos. 350933 & 350934). After respondent gave birth to her third child, KRH, in July 2020, petitioner filed a petition requesting that the trial court exercise jurisdiction over KRH and terminate respondent's parental rights to that child at the initial dispositional hearing. The petition recited the previous termination of respondent's parental rights to her first two children, alleged that respondent did not have stable housing and was living at a motel in Auburn Hills, and alleged that respondent had been diagnosed with bipolar and schizoaffective disorder, but was not currently engaged in mental health services and had exhibited

-1-

unstable and aggressive behavior toward others. The trial court ordered that KRH be placed with her father pending further proceedings on the petition.

The trial court ruled that there were grounds for exercising jurisdiction over KRH, and found that statutory grounds for terminating respondent's parental rights to KRH were established pursuant to MCL 712A.19b(3)(g), (i), and (j), but found that termination of parental rights was not in the child's best interests. Accordingly, the trial court adjudicated KRH a temporary ward of the court and ordered that respondent be provided with a treatment plan with respect to KRH that included mental health treatment.

After JLH's birth in July 2021, petitioner filed a separate petition that similarly requested that the trial court exercise jurisdiction over JLH and terminate respondent's parental rights to that child at the initial dispositional hearing. On June 9, 2022, the trial court entered an order providing: (1) statutory grounds for jurisdiction over JLH were established under MCL 712A.2(b)(1) and (2); (2) statutory grounds for terminating respondent's parental rights to JLH were established under MCL 712A.19b(3)(g), (i), and (j); and (3) that a best-interests hearing would be held at a later date to determine whether respondent's parental rights to JLH should be terminated.

On August 15, 2022, before the best-interests hearing was held, respondent filed her claim of appeal from the June 9, 2022 order. The lower court record indicates that a best-interests hearing was subsequently held with respect to JLH in September and October 2022. Further, although JLH's father was unidentified at the time of the earlier hearings, a father was later identified through DNA testing, and he was allowed to participate in the proceedings. After JLH's best-interests hearing concluded on October 31, 2022, the trial court entered an order of adjudication and the initial dispositional order on November 1, 2022, holding that it was not in JLH's best interests to terminate respondent's parental rights to the child, declaring JLH a temporary ward of the court and placing the child in the custody of his father, and ordering that respondent be provided with the same treatment plan for JLH that already was in place for KRH.

## II. APPELLATE JURISDICTION

Preliminarily, we sua sponte address this Court's jurisdiction over this appeal. See *In re AMB*, 248 Mich App 144, 166-167; 640 NW2d 262 (2001) (observing that courts have an independent obligation consider jurisdiction, even when the parties do not raise the issue).

This Court has jurisdiction as of right in an appeal filed by an aggrieved party from "[a] final judgment or order . . . as defined in MCR 7.202(6)," or "[a] judgment or order . . . from which appeal of right to the Court of Appeals has been established by law or court rule." MCR 7.203(A)(1) and (2). Respondent filed her claim of appeal from the trial court's June 9, 2022 order in which the court found that there were statutory grounds to exercise jurisdiction over JLH, found that statutory grounds for terminating respondent's parental rights to JLH were established, and scheduled the matter for a best-interests hearing at a later date to determine whether respondent's parental rights should be terminated. In the jurisdictional statement in her brief on appeal, respondent relies on MCR 3.993(A)(2) as the court rule establishing her right to appeal the June

9, 2022 order.[1]  That rule provides that "an initial order of disposition following adjudication in a child protective proceeding" is appealable as of right to this Court.  Although this rule allows respondents in child-protective proceedings to appeal a trial court's jurisdictional decision as of right, it is the entry of the initial order of disposition following adjudication that triggers that appeal by right.  See *In re SLH*, 277 Mich App 662, 669 n 13; 747 NW2d 547 (2008) (stating that, in a child-protective proceeding, the "initial order of disposition is the first order appealable as of right").

At the dispositional phase, the trial court determines any action that will be taken on the child's behalf.  *In re Mota*, 334 Mich App 300, 312-313; 964 NW2d 881 (2020).  One form of disposition is termination of parental rights.  *Id.*; see also MCR 3.977(E) (authorizing termination of parental rights at the initial dispositional hearing).  In the matter before us, the case had not yet proceeded to disposition when respondent filed her claim of appeal on August 15, 2022.  The June 9, 2022 order was not an order of disposition because it did not decide an action to be taken on JLH's behalf.[2]  Rather, the petition to terminate respondent's parental rights to JLH at the initial dispositional hearing remained pending.  JLH's disposition still depended on the outcome of the best-interests hearing, which was scheduled for a later date.[3]

---

[1] The June 9, 2022 order does not qualify as a final order under MCR 7.202(6), which defines a final judgment or order in a civil case as "the first judgment or order that disposes of all claims and adjudicates the rights and liabilities of all the parties."  MCR 7.202(6)(a)(*i*).  The June 9, 2022 order did not dispose of or adjudicate petitioner's request to terminate respondent's parental rights at the initial dispositional hearing.  Rather, the order provided that a best-interests hearing would be held at a later date to determine whether respondent's parental rights should be terminated.

[2] Although the trial court's June 9, 2022 order contains the statement that "[t]he parties have 21 days to request an appeal of the Court's decision," it is well established that language in a trial court's order does not control this Court's jurisdiction.  See *Stumbo v Roe*, 332 Mich App 479, 482 n 1; 957 NW2d 830 (2020); *Faircloth v Family Independence Agency*, 232 Mich App 391, 400-401; 591 NW2d 314 (1998).

[3] The "initial order of disposition" under MCR 3.993(A)(2) refers to the first, not the last, order entered during the dispositional phase, regardless of whether the matter ultimately proceeds to termination of parental rights.  For example, in *In re Ferranti*, 504 Mich 1, 11; 934 NW2d 610 (2019), "[t]he court's initial dispositional order maintained JF's placement in foster care and continued to allow JF to have unsupervised visits with the respondents at the family home."  However, the court rules indicate that a dispositional hearing is a prerequisite for a dispositional order.  See MCR 3.973.  In this case, the June 9, 2022 order was entered following a jurisdictional bench trial, and there is nothing in the record to provide that the trial court also conducted a dispositional hearing immediately after that trial.  See MCR 3.973(B).  Indeed, the trial court informed respondent at the conclusion of trial that "[y]ou can appeal an initial order of disposition following adjudication, which we haven't done yet because we're still litigating the ultimate issue here of possible termination."

Respondent's jurisdictional statement in her brief on appeal also states that this Court has jurisdiction as of right under MCR 3.993(A)(7) to review an April 29, 2022 dispositional review order relating to KRH. We reject this argument for several reasons. First, the claim of appeal only identified the June 9, 2022 order as the order from which respondent was claiming an appeal, and that order only pertained to JLH. Second, the record does not have an order relating to KRH that was entered on April 29, 2020. Respondent apparently is referring to a May 24, 2022 order entered after a dispositional review hearing that recited the April 29, 2022 hearing date, but that order merely continued KRH's placement as a temporary ward of the court. The court rule cited by respondent, MCR 3.993(A)(7), provides that an appeal as of right exists from "any final order," but the May 24, 2022 order entered after a review hearing and continuing the child in the temporary custody of the court subject to the court's continuing jurisdiction is not a final order. Third, although respondent would have an appeal by right from the trial court's jurisdictional decision with respect to KRH, that appeal would have arisen from the initial dispositional order after KRH's adjudication, which was entered on February 17, 2022. Respondent did not file a claim of appeal from that order. Indeed, respondent does not challenge the trial court's jurisdiction over KRH in this appeal.

In sum, this Court does not have jurisdiction over this appeal as of right because the June 9, 2022 order does not qualify as a final order under MCR 7.202(6), the order does not implicate jurisdiction under MCR 3.993(A)(2) because it was not the "initial order of disposition" following JLH's adjudication, and respondent has not challenged any order related to KRH that is appealable by right. MCR 7.203(A)(1) and (2). However, this Court has discretion to treat respondent's claim of appeal as an application for leave to appeal and grant it. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012). We choose to exercise that discretion, but limited to respondent's arguments challenging the trial court's exercise of jurisdiction over JLH and the issue of visitation. We decline to grant leave with respect to respondent's challenges to the portion of the trial court's order finding that statutory grounds for termination were established under MCL 712A.19b(3)(g), (i), and (j) with respect to JLH because the record discloses that the trial court ultimately denied petitioner's request to terminate respondent's parental rights to JLH at the initial dispositional hearing. Because of that later decision, respondent no longer is an aggrieved party with respect to the trial court's ruling regarding the existence of statutory grounds for termination. See *MCNA Ins Co v Dep't of Technology, Mgt, & Budget*, 326 Mich App 740, 745; 929 NW2d 817 (2019) (observing "to have standing on appeal, a litigant must have suffered a concrete and particularized injury . . . arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case") (quotation marks and citation omitted). Furthermore, because the trial court found that termination of respondent's parental rights to JLH was not in the child's best interests, and denied petitioner's request to terminate respondent's parental rights to JLH on that basis, any issue regarding the existence of a statutory ground for termination is moot. *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (explaining that an issue is moot when "a judgment cannot have any practical legal effect upon a

---

In any event, assuming that we have jurisdiction over this appeal as of right, our analysis would not change because, as explained *infra*, we consider the merits of all of respondent's issues that are not moot.

then existing controversy") (quotation marks and citation omitted).[4] Accordingly, we will only consider respondent's challenge to the trial court's exercise of jurisdiction over JLH and the issue of visitation.

### III. STATUTORY GROUNDS FOR JURISDICTION

Respondent argues that the trial court erred by exercising jurisdiction over JLH. We disagree.

To properly exercise jurisdiction, the trial court must find that a statutory basis for jurisdiction exists. *In re PAP*, 247 Mich App 148, 152-153; 640 NW2d 880 (2001). "Jurisdiction must be established by a preponderance of the evidence." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). This Court reviews the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact. *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998).

The trial court found that grounds for jurisdiction were established under MCL 712A.2(b)(1) and (2), which provide:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. As used in this sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.

When this petition was filed, respondent's parental rights to two other children had previously been terminated, and proceedings were pending for another child, KRH, who had been removed from respondent's care. Further, because of respondent's aggressive and disruptive conduct, only supervised visitation with KRH was permitted. Although respondent testified that she was participating in mental health services, she had not provided any verification of that

---

[4] Of course, petitioner may file a supplemental petition for termination of respondent's parental rights, but in order for the trial court to do so, it must again find that one or more statutory grounds for termination are proven. See MCR 3.977(H)(3)(a).

treatment to the workers. In spite of the mental health treatment that respondent claimed she was receiving, her behavior continued to be erratic, including during court hearings. Respondent also was not consistently visiting KRH, and she fought with and acted aggressively toward the workers. Moreover, the trial court found that respondent had made minimal progress in the four years since her first two children were removed from her care. A preponderance of the evidence supported that respondent's mental health issues prevented her from providing proper and necessary care for JLH, and that JLH's home environment, by reason of neglect, cruelty, or depravity on the part of respondent, was an unfit place for the child to live. Accordingly, the trial court did not clearly err by finding that a preponderance of the evidence supported the statutory grounds for jurisdiction.

## IV. VISITATION

Respondent argues that the trial court erred by not awarding her extended visitation or visits supervised by a designee. We disagree.

This Court reviews a trial court's parenting-time decisions for an abuse of discretion. See *In re Lester*, 303 Mich App 485, 490; 845 NW2d 540 (2013). "A trial court abuses its discretion when it selects an outcome that is outside the range of reasonable and principled outcomes." *Teran v Rittley*, 313 Mich App 197, 213; 882 NW2d 181 (2015) (quotation marks and citation omitted).

MCL 712A.13a(13) provides that "[i]f a juvenile is removed from the parent's custody at any time, the court shall permit the juvenile's parent to have regular and frequent parenting time with the juvenile." MCL 712A.13a(13) applies before and after adjudication. *In re Ott*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 362073); slip op at 8-9. A parent is entitled to parenting time with a child who has been removed from her care unless it "may be harmful to the juvenile's life, physical health, or mental well-being." MCL 712A.13a(13). That parenting time may be supervised or unsupervised. See *id*.

In this case, respondent was afforded supervised visitation with her children. Further, the trial court ordered that the foster care workers had discretion to allow extended, unsupervised, or designee supervised visits. The trial court never denied any request to change visitation from supervised visits to either visits in the presence of a designated supervisor or unsupervised visits, but rather gave discretion to the foster care workers to allow such visits. MCL 712A.13a(13) does not require a trial court to make specific findings before determining the extent and manner in which visits are to be supervised. Moreover, when respondent again raised this issue at the conclusion of the adjudication trial, the worker clarified that respondent had been offered additional visits, but she declined them because she did not have the time. The trial court instructed petitioner to again offer additional or extended visits, and it again gave discretion to allow designee visits. Considering respondent's continued erratic behavior and inconsistent attendance at scheduled visits, the trial court did not abuse its discretion or violate MCL 712A.13a(3) by granting the foster care workers discretion to change the visits, rather than outright granting respondent's request for unsupervised or designee supervised visits.

## V. CONCLUSION

To the extent that we grant respondent's application for leave to appeal to challenge the trial court's exercise of jurisdiction over JLH and the issue of visitation, we affirm.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan